Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3369 | **DATE** | 1/6/2003 |
| **CASE TITLE** | | Kidd vs. Dobbs | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
 ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant Dobbs Temporary Services, Inc.'s motion to dismiss is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | 1/7/03 date docketed | | |
| ✓ | Docketing to mail notices. | | | 26 |
| | Mail AO 450 form. | | AR docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TH ✓ | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice  mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KARLA M. KIDD, )
)
    Plaintiff, )
)
  vs. ) 02 C 3369
)
) Honorable Amy J. St. Eve
DOBBS TEMPORARY SERVICES, INC. )
d/b/a Pro Staff Personnel Services, )
)
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Karla M. Kidd, a female over the age of 40, filed a lawsuit against Dobbs Temporary Services, Inc. ("Dobbs") for gender and age discrimination. After Plaintiff filed an Amended Complaint, (R. 19-1), Dobbs countered with a motion to dismiss pursuant to Federal Rule of Procedure 12(b)(6).[1] (R. 21-1.) For the reasons stated herein, Defendant's motion is denied.

### I.   Rule 12(b)(6) Standards

A Rule 12(b)(6) motion tests the sufficiency of the complaint; it is not designed to resolve the case on the merits. *Petri v. Gatlin*, 997 F.Supp. 956, 963 (N.D. Ill. 1997) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice And Procedure § 1356, at 294 (2d ed. 1990)). When determining whether to grant a 12(b)(6) motion to dismiss, a court must accept all factual allegations in the complaint as true. *Jang v. A.M. Miller & Assocs.*, 122 F.3d 480, 483 (7th Cir. 1997). A court must also draw all reasonable inferences in the plaintiff's favor. *Id.* A complaint

---

[1] Plaintiff never filed a response to Defendant's motion to dismiss.

1

should be dismissed under Rule 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

## II. Kidd's Employment Discrimination Allegations

As relevant to Dobbs' motion to dismiss, Kidd's Complaint only contains a handful of allegations. Kidd is a female who is more than 40 years old. (R. 19-1, Am. Compl. ¶ 1.) Dobbs, a corporation that provides temporary employees to businesses, is an "employer" under 42 U.S.C. §2000e and 29 U.S.C. § 630. (*Id.* ¶ 2.) On January 4, 2000, Dobbs hired Kidd to be a temporary employee for Ameritech. (*Id.* ¶ 12.) During her engagement, Ameritech promised her a full-time position. (*Id.* ¶ 13.) Ameritech, however, decided to permanently hire seven males. (*Id.* ¶¶ 15, 19.) Five of them had less service time with Ameritech than Kidd had. (*Id.*) On April 22, 2001, Dobbs informed Kidd that she had been released from Ameritech. (*Id.* ¶ 21.) After that release, Dobbs refused to provide Kidd additional work. (*Id.* ¶ 22.)

## III. Analysis

Federal Rule of Civil Procedure 8(a)(2), which governs employment discrimination allegations, provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." It therefore only needs to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Defendant argues that the Complaint contains too few allegations about Dobbs to put it on notice of the claims against it. (R. 21-2, Mem. in Support of Def.'s Mot. to Dismiss at 4.)

The Seventh Circuit does not require many allegations to sustain a complaint against a

2

defendant for employment discrimination. For example, in the context of a claim for racial discrimination, "'I was turned down for a job because of my race' is all that a complaint has to say." *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998); *cf. Swierlewicz v. Sorema N.A.*, 534 U.S. 506, 511-12, 122 S.Ct. 992, 997-98, 152 L.Ed.2d 1 (2002) (discrimination complaint need not contain facts establishing *prima facie* case). Liberally construing Kidd's complaint, she has alleged claims of gender and age discrimination against Dobbs. She has alleged that Dobbs failed to place her in a comparable position due to her gender and age after she was released from her position with Ameritech. (See R. 19-1, Am. Compl. ¶¶ 27, 28, 32, 33.) That is enough under *Bennett*.

## CONCLUSION

Although Kidd has alleged few facts that relate to Dobbs, she has sufficiently stated a claim for gender and race discrimination. Defendant's motion to dismiss is therefore denied.

DATED: January 6, 2003            ENTERED

_____
AMY J. ST. EVE
United States District Court Judge

3